## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

ERIC J. FLANNERY
511 ½ 8th Street N.E.
Washington, D.C. 20002

 and

DRANE FLANNERY RESTAURANT,
LLC, T/A THE BIG BOARD,
511 ½ 8th Street N.E.
Washington, D.C. 20002

       Plaintiffs,

v.

MARK ECKENWILER, in his personal
capacity
312 East Street N.E.
Washington, D.C. 20002,

and

KAREN WIRT, in her personal capacity,
234 East Street N.E.
Washington, D.C. 20002,

and

CHRISTINE HEALEY, in her personal
capacity,
10 4th Street N.E.
Washington, D.C. 20002,

and

DREW COURTNEY, in his personal
capacity,
506 M Street N.E.
Washington, D.C. 20002,

and

CIVIL ACTION NO.

JUDGE:

JOEL KELTY, in his personal capacity,
608 6th Street N.E. Apt. T2
Washington, D.C. 20002,

and

JAY ADELSTEIN, in his personal capacity,
315 7th Street N.E.
Washington, DC 20002,

        Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Drane Flannery Restaurant, LLC, T/A The Big Board ("The Big Board") and Eric J. Flannery ("Flannery"), owner and operator of The Big Board, bring this civil action against Defendants Mark Eckenwiler, Karen Wirt, Christine Healey, Drew Courtney, Joel Kelty, and Jay Adelstein for damages and allege as follows:

## INTRODUCTION

1.      Since COVID-19 emerged in early 2020, District of Columbia ("District") Mayor Muriel Bowser (the "Mayor") issued more than a dozen emergency executive orders over a two-year period in response to the pandemic. These orders imposed and modified a variety of restrictions on people, schools, businesses, and government offices. These emergency orders were issued without review by the United States Congress and impacted all aspects of civic life during 2020 – 2022.

2.      In late 2021, the Mayor issued two emergency orders imposing an indoor mask requirement (including at bars and restaurants), Mayor's Order 2021-147, 68 D.C. Reg. 13954 (Dec. 20, 2021), and a proof of vaccination requirement, Mayor's Order 2021-148, 68 D.C. Reg. 14222 (Dec. 22, 2021). Both orders were issued for an initial 60-day period.

3.      Mr. Flannery disagreed with the Mayor's orders and exercised his First Amendment rights by expressing his disapproval and disagreement on social media and elsewhere.

4.      The District Department of Health issued a summary suspension of The Big Board's license and shuttered the business in February 2022 for alleged violations of the Mayor's indoor mask and proof of vaccination requirements. Among other penalties, The Big Board paid a $100 restoration fee to obtain permission from the District Health Department to re-open following the Mayor's decision to lift the vaccination requirement effective February 15 and the indoor mask requirement effective March 1. Mayor's Order 2022-029, 69 D.C. Reg. 1376 (Feb. 14, 2022).

5.      During this general timeframe, Defendant Mark Eckenwiler denigrated and lambasted the Plaintiffs' openly stated views on social media and elsewhere.

6.      Subsequently, on or about October 21, 2022, Plaintiffs sought renewal of The Big Board's liquor license with the District Alcoholic Beverage Regulation Administration ("ABRA").

7.      ABRA renewed The Big Board's liquor license.

8.      Interested persons are permitted to protest such renewals for legitimate reasons.

9.      The Advisory Neighborhood Commission 6C (the "ANC 6C"), an official governmental body, voted to—and did—file a protest of The Big Board's liquor license renewal.

10.     Upon information and belief, Defendant Mark Eckenwiler, as the representative of ANC 6C, pushed the ANC 6C to vote for and file this protest.

11.     Upon information and belief, Defendant Drew Courtney pushed the ANC 6C to vote for and file this protest because of The Big Board's "bad behavior in recent years."

12.     Upon information and belief, all Defendants agreed to file the protest, not for a legitimate reason, but in direct response to the Plaintiffs' legally protected speech on the Mayor's shutdown orders.

13.     Upon information and belief, the ANC 6C agreed to protest the liquor license to punish and harm Plaintiffs, without a valid basis, in retaliation for Plaintiffs' expressed views.

## PARTIES

14.     Plaintiff The Big Board is a bar located in the District.

15.     Plaintiff Eric Flannery is a resident of the District and proprietor of Drane Flannery Restaurant, LLC, T/A The Big Board.

16.     Advisory Neighborhood Commissions are commissions established by the District Council pursuant to District law, and their members are elected by popular election. According to the District, "[a]lthough they are not required to follow the ANCs' advice, many District agencies are required to give the ANCs' recommendations 'great weight.' Moreover, District law says that agencies cannot take any action that will significantly affect a neighborhood unless they give the affected ANCs 30 days advance notice." *About ANCs*, Advisory Neighborhood Commissions, https://anc.dc.gov/page/about-ancs (last visited May 23, 2023).

17.     The ANC 6C is one of the Advisory Neighborhood Commissions established by the District Council and covers the geographic area where the Plaintiffs do business.

18.     Defendant Mark Eckenwiler is a resident of the District and, at all relevant times, was a commissioner of the ANC 6C. He is also the current chairman of the ANC 6C. Mr. Eckenwiler is being sued in his personal capacity.

19.     Defendant Karen Wirt is a resident of the District and, at all relevant times, was a commissioner of the ANC 6C. Ms. Wirt is being sued in her personal capacity.

20.     Defendant Christine Healey is a resident of the District and, at all relevant times was, a commissioner of the ANC 6C. Ms. Healey is being sued in her personal capacity.

21.     Defendant Drew Courtney is a resident of the District and, at all relevant times, was a commissioner of the ANC 6C. He is also the current chairman of the ANC 6C's Alcoholic

Beverage Licensing Committee. Mr. Courtney is being sued in his personal capacity.

22.     Defendant Joel Kelty is a resident of the District and, at all relevant times, was a commissioner of the ANC 6C. Mr. Kelty is being sued in his personal capacity.

23.     Defendant Jay Adelstein is a resident of the District and, at all relevant times, was a commissioner of the ANC 6C. Mr. Adelstein is being sued in his personal capacity.

## VENUE AND JURISDICTION

24.     This Court has subject-matter jurisdiction over this case because it arises under the U.S. Constitution and laws of the United States. 28 U.S.C. § 1331. And because Plaintiffs bring this suit to vindicate the deprivation of "rights, privileges, or immunities secured by the Constitution," 42 U.S.C. § 1983, this Court also has jurisdiction to adjudicate Plaintiffs' claim under 28 U.S.C. § 1343 and to grant attorneys' fees under 42 U.S.C. § 1988.

25.     Pursuant to 28 U.S.C. § 1391, the U.S. District Court for the District of Columbia is the proper venue for this action because Defendants Mark Eckenwiler, Karen Wirt, Christine Healey, Drew Courtney, Joel Kelty, and Jay Adelstein are residents of the District, and a substantial part of the events giving rise to the claim occurred in the District.

## FACTS

26.     Beginning in March 2020, the Mayor began to issue rolling emergency orders related to COVID-19.

27.     Specifically relevant to this case, in late December 2021, the Mayor issued orders that required restaurants to impose the District's mask mandate and check customers' vaccination status beginning in mid-January 2022. *See, e.g.*, Mayor's Order 2021-147 (indoor mask requirement); Mayor's Order 2022-018 (extending "the indoor masking requirements set forth in Mayor's Order 2021-147").

28.     Plaintiff Eric Flannery, at all relevant times, was and is the proprietor of The Big Board.

29.     The Big Board is a local tavern located in ANC 6C's territory in the District.

30.     Mr. Flannery disagreed with the District's decision to impose the mandates. He tweeted in January 2022, through The Big Board's Twitter account, that "everyone is welcome" at his tavern.

31.     In response, the District's government suspended The Big Board's operating and liquor licenses in February 2022, and forced the tavern to close—indefinitely.

32.     Following negotiations, the District and The Big Board entered into an offer to compromise, under which the District agreed to lift the suspension of The Big Board's business license. The District Alcoholic Beverage Control Board ("ABCB") accepted the offer to compromise and lifted the suspension of The Big Board's liquor license.

33.     Through all of this, Mr. Flannery continued to express his views opposing the mandates and the government's treatment of his restaurant by posting on Twitter and giving media interviews.

34.     Defendant Mark Eckenwiler showed his disdain for Mr. Flannery's expressed views and his animosity and animus towards Mr. Flannery through a series of attack tweets.

35.     Some examples of Defendant Eckenwiler's 2022 tweets include:

a.   screenshots of two Big Board tweets with Eckenwiler's comment "When you've decided to flout the vaccine mandate taking effect on Jan. 15 at DC bars & restaurants, but don't quite have the stones to say so & instead resort to anti-vaxxer dog-whistling";

b.   a screenshot of ACBC's notice of a meeting regarding The Big Board's liquor

license with Eckenwiler's comment "Actions have consequences"; and

    c.   a picture of District Health Department's closure notice on The Big Board with Eckenwiler's comment "Play stupid games, win regulatory prizes!"

36.    On or about October 21, 2022, The Big Board requested a renewal of its liquor license.

37.    ABRA granted the renewal.

38.    ABRA allows interested parties to protest liquor licenses after they have been issued or renewed. ABRA may, if the protest is well taken, revoke an establishment's liquor license.

39.    During the relevant period, ANC held various meetings at which it discussed the liquor licenses issued to establishments within its geographic jurisdiction.

40.    Specifically, on November 7, 2022, ANC 6C's Alcoholic Beverage Licensing Committee held a meeting at which it discussed the liquor license of The Big Board. This meeting was open to the public, and Mr. Flannery attended this meeting.

41.    Upon information and belief, ANC 6C typically records most of its meetings and keeps meeting minutes of all of its meetings.

42.    The meeting was held via "Webex." The meeting notice stated "Webex stores all your recorded meetings either locally on your computer or on your Webex site. You can access your recordings and share or download them on your Webex site. If it's not your meeting, reach out to the host of your meeting to get the recording."

43.    At the November 7, 2022, meeting, Mr. Eckenwiler stated that The Big Board's license should be revoked because, "I mean just some of the things he's said publicly, we should go ahead and protest the license."

44.    None of the other committee members disagreed or challenged that statement.

45.    The ANC 6C claims that no meeting notes or recordings exist for that November 7, 2022 meeting. So, if that meeting was recorded, as indicated in the Webex invitation, it was destroyed, i.e. spoliated.

46.    On November 9, 2022, The ANC 6C held another meeting.

47.    At that meeting, the ANC 6C commissioners discussed whether to protest The Big Board's liquor license.

48.    All Defendants then voted to protest The Big Board's liquor license renewal.

49.    On November 12, 2022, Mr. Eckenwiler, as the chairman and representative for the ANC 6C, led the ANC 6C in filing a protest against The Big Board's liquor license.

50.    Upon information and belief, the other voting members of the ANC 6C at the time were Karen Wirt, Christine Healey, Drew Courtney, Joel Kelty, Jay Adelstein, and Mark Eckenwiler.

51.    The written protest cited three grounds:

   a. The Big Board's operations have had a negative effect "on real property values."

   b. The Big Board has had a negative impact "on the peace, order, and quiet, including the noise and litter provisions set forth in Section 25-725 and 25-726 of the D.C. Code."

   c. The Big Board has had a negative "effect upon the residential parking needs and vehicular and pedestrian safety."

52.    Mr. Eckenwiler was listed as the representative for the ANC 6C on the protest.

53.    None of these grounds were valid or had any basis in law or fact.

54.     Upon information and belief, at the time that the ANC 6C voted for and filed the protest, every member of the commission knew that these grounds were false and had no basis in fact or law, but rather were a pretext for retaliation against Plaintiffs' protected expressions.

55.     Following the filing of the protest, Mr. Flannery attempted to discuss the matter with Mr. Eckenwiler to try to resolve the issues alleged in the protest.

56.     Mr. Eckenwiler refused to discuss the matter with Mr. Flannery, stating that he would only discuss it with The Big Board's attorney.

57.     Thereafter, The Big Board's attorneys asked the ANC 6C to withdraw its protest. Those communications occurred with Mr. Eckenwiler.

58.     Yet, Mr. Eckenwiler avoided all attempts by The Big Board's attorneys to negotiate the ANC's withdrawal of the protest.

59.     On Friday, January 27, 2023, The Big Board's attorney contacted Mr. Eckenwiler via email seeking to discuss the withdrawal of the protest and asked for Mr. Eckenwiler's phone number.

60.     On Tuesday, January 31, 2023, Mr. Eckenwiler responded that he was too busy but may have time the following week.

61.     On Tuesday, February 7, 2023, The Big Board's attorney again asked Mr. Eckenwiler for his phone number and to set up a time to discuss the protest. Mr. Eckenwiler did not respond.

62.     On Friday, February 10, 2023, The Big Board's attorney again attempted to contact Mr. Eckenwiler without success.

63.     On February 14, 2023, the day before a scheduled status conference regarding the protest—and three months after filing the protest—Mr. Eckenwiler provided, on behalf of the ANC

9

6C, a proposed settlement agreement under which the ANC 6C would agree to withdraw its protest.

64.    In that same February 14, 2023 e-mail, Mr. Eckenwiler stated that "the status hearing doesn't really have any bearing on your review timing. We needn't move heaven & earth to reach an agreement by tomorrow."

65.    Mr. Eckenwiler's proposed settlement agreement did not address the alleged problems raised in the ANC 6C's protest. Rather, it demanded that The Big Board take actions inconsistent with its license.

66.    For example, Mr. Eckenwiler's proposal would have required The Big Board to close early, to provide food at all hours when it is open—thus converting it into a restaurant with a different license classification—prohibit live music, eliminate outdoor seating (for which The Big Board has separate permission from the District Department of Transportation), change food delivery times which would impede vendor deliveries, and more. None of these additional restrictions are required by District law, and all of them would impede the legitimate business operations of The Big Board and negatively affect its profitability.

67.    On February 26, 2023, The Big Board's attorney requested—in writing—that Mr. Eckenwiler provide any evidence supporting the three items listed in the ANC 6C's protest. *See supra* ¶51. The ANC 6C never provided any evidence.

68.    In that same February 26, 2023 email to the ANC 6C, The Big Board's attorney submitted a revised proposed settlement agreement to Mr. Eckenwiler, explaining in detail that the proposal did not address the items listed in the protest and was inconsistent with The Big Board's liquor license.

69.    The revised proposed settlement agreement provided changes to bring the agreement into line with District law and provided detailed explanations for why the proposed

changes were made.

70.     Neither Mr. Eckenwiler nor anyone else from the ANC 6C responded to The Big Board's revised proposed settlement agreement.

71.     At that time—and still true today—The Big Board's attorneys had not received any of the required evidentiary documents from Mr. Eckenwiler or anyone else representing the ANC 6C.

72.     As required by District law, ABRA's mediator scheduled a mandatory mediation for March 7, 2023.

73.     Mr. Eckenwiler appeared at the mediation on behalf of the ANC 6C.

74.     At the mediation, Mr. Eckenwiler stated that he had sent a proposed settlement agreement to The Big Board's attorney, who had responded with proposed changes. Mr. Eckenwiler then stated that the parties were far apart.

75.     At the mediation, Mr. Eckenwiler stated that he had attended the call "as required" and was now "bowing out" and then hung up. He spoke for less than 45 seconds and hung up without so much as waiting for a response from the mediator.

76.     This was not a good faith effort to participate in the mediation required by the ABRA.

77.     In February 2023, ABRA had conducted an independent investigation into the claims in the ANC 6C's protest. It found nothing to support the claims in the protest.

78.     Specifically, "ABRA investigators monitored The Big Board on eight (8) separate occasions from February 16, 2023, until February 28, 2023. No ABRA violations were observed during these visits," including, "[n]o [p]eace, order and quiet issues, no loitering, no trash or parking concerns." "During these monitoring efforts, [ABRA] did not observe issues with

vehicular and pedestrian safety, in the vicinity of The Big Board. No pedestrians were observed

exiting The Big Board in an intoxicated state That [sic] would have caused issues for other innocent

by standers or vehicular traffic, on H Street, N.E." ABRA Protest Report, Ex.

79.    Following Mr. Eckenwiler's refusal to actively participate in the mediation and an

independent investigation by ABRA—which found no substance to the issues claimed in the

protest—the ANC 6C voluntarily withdrew its protest on or about March 8, 2023.

80.    Plaintiffs incurred over $20.00 in damages, including attorneys' fees incurred

defending against Defendants' retaliatory liquor license protest.

## CLAIMS FOR RELIEF

## COUNT ONE: FIRST AMENDMENT RETALIATION CLAIM UNDER SECTION 1983

## THE COURT SHOULD FIND THAT DEFENDANT RETALIATED AGAINST PLAINTIFF IN VIOLATION OF THE FIRST AMENDMENT.
### (U.S. Const. amend. I; 42 U.S.C. § 1983)

81.    Plaintiff restates the foregoing allegations and incorporates them here as if fully

rewritten.

82.    Pursuant to 42 U.S.C. § 1983,

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * * .

83.    The First Amendment to the U.S. Constitution prohibits government officials from

retaliating against an individual because of that individual's exercise of his First Amendment

rights. *Doe* v. *D.C.*, 796 F.3d 96, 106 (D.C. Cir. 2015).

84.    Mr. Flannery invoked his First Amendment rights in expressing his disagreement

with the District's COVID policies by posting on Twitter, giving media interviews, refusing to

obey orders he understood to be unlawful, and filing a lawsuit challenging the constitutionality of such orders.

85.     To retaliate against Mr. Flannery for his First Amendment-protected expressions of disagreement with the District's COVID policies, Mr. Eckenwiler—while holding an official position as commissioner and representative of ANC 6C—posted disparaging comments about The Big Board on Twitter. Additionally, Defendants—through their official positions as commissioners and of the ANC 6C—filed and prosecuted a frivolous protest challenging The Big Board's liquor license renewal.

86.     Because of Defendants' actions, Mr. Flannery suffered damages to his, and his tavern's, reputation, emotional distress, the expense of defending against the frivolous protest of his liquor license, and a violation of his First Amendment rights.

87.     The ANC 6C possesses statutory authority—giving it preferential treatment with ABRA to protest liquor licenses. This statutory authority, and the actual use of it for retaliatory purposes, deter an ordinary person from speaking.

88.     But for Mr. Flannery's speech and expressive conduct, Mr. Eckenwiler would not have attacked The Big Board online and Defendants would not have filed and/or maintained the protest against The Big Board's liquor license.

89.     Mr. Eckenwiler's attack tweets specifically citing Mr. Flannery's speech demonstrate that his actions were designed to retaliate against the Plaintiffs. Further, Mr. Eckenwiler's statement at the November 7, 2022, ANC meeting that "I mean just some of the things he's said publicly, we should go ahead and protest the license" demonstrates that Mr. Eckenwiler explicitly and successfully advocated that the ANC 6C take adverse action against Mr. Flannery because of his constitutionally protected speech. All Defendants' subsequent vote to

protest The Big Board's liquor license renewal confirms this improper motivation for the protest.

Further, ABRA's failure to find any substance to the ANC 6C's protest shows that the protest was

frivolous, filed in bad faith with no legitimate purpose, and maliciously prosecuted against Mr.

Flannery because of his protected speech.

**WHEREFORE**, Plaintiffs ask this Court to enter judgment in their favor and to provide

the following relief:

A.     A finding that Defendants' conduct violated Plaintiffs' First Amendment rights;

B.     An award of any damages suffered by Plaintiffs, including but not limited to attorneys' fees expended in defending against the ANC 6C's liquor license protest, in an amount in excess of $20.00;

C.     An award of punitive damages;

D.     An award of reasonable costs, including but not limited to, attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and as otherwise provided by law; and

E.     Any further relief to which Plaintiffs are entitled or which the Court deems just and equitable.

### JURY DEMAND

Plaintiffs demand a trial by jury of all issues pursuant to Federal Rule of Civil Procedure

38(b).

Respectfully submitted,

Dated: September 25, 2023

  /s/ *David L. Rosenthal*

Robert Alt* (OH Bar # 0091753)
David C. Tryon* (OH Bar #0028954)
Jay R. Carson* (OH Bar #0068526)
Alex M. Certo* (OH Bar # 0102790)
THE BUCKEYE INSTITUTE
88 East Broad Street, Suite 1300
Columbus, Ohio 43215
(614) 224-4422
Email: d.tryon@buckeyeinstitute.org

Patrick Strawbridge*
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, Massachusetts 02109
(617) 227-0548
patrick@consovoymccarthy.com

David L. Rosenthal (D.C. Bar ID 1660535)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
david@consovoymccarthy.com

*pro hac vice* motion forthcoming

*Attorneys for Plaintiffs*